United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 12-cr-10120-NMG |
| ) | |
| EDGAR ACEVEDO, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

Presently before the Court is a motion to vacate filed by Edgar Acevedo ("Acevedo" or "petitioner") pursuant to 28 U.S.C. § 2255, challenging his guilty plea offered in December, 2014, and the sentence that followed.

I. **Background**

In December, 2014, petitioner pled guilty to conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c).

The indictment charged Acevedo with conspiring with several co-defendants to kidnap John Doe ("Doe") at gunpoint and hold him for ransom. At Acevedo's Rule 11 hearing, the government proffered the following facts that he did not dispute: two armed co-conspirators 1) stopped Doe's vehicle, 2) forced him from the car into a van driven by Acevedo, 3) demanded a ransom from

- 1 -

Doe's wife and 4) held him at a house owned by Alfred Vasquez ("Vasquez"), a co-conspirator, in Lawrence, Massachusetts.

FBI agents rescued Doe after five days and tracked the ransom money, coated with fluorescent fingerprint powder, to Vasquez's primary residence. They encountered Acevedo upon their arrival and arrested him after his hands tested positive for fingerprint powder residue.

The government produced three witnesses to testify that Acevedo was part of the kidnapping scheme. Moreover, analysis of Acevedo's cellphone records from the three weeks prior to the kidnapping revealed that he had 114 calls with Vasquez and 89 calls with another co-conspirator.

Acevedo was the last conspirator to plead guilty and several times attempted to sever the charges against him from the charges against his co-conspirators. He vigorously objected to portions of the Pre-Sentence Report ("PSR"), arguing that he 1) was unaware of the plan to kidnap Doe, 2) could not have foreseen the use of a gun by his co-conspirators, 3) was not present in the house where Doe was held and 4) played a minor role in the conspiracy itself.

At sentencing, this Court heard arguments from defense counsel regarding petitioner's objections to the PSR and addressed the first 13 objections, which related to the facts recited in the PSR that increased his offense level. Defense

counsel did not offer any rebuttal evidence in support of his objections to the PSR nor did she request an evidentiary hearing.

**A. Procedural History**

Acevedo was charged by indictment in April, 2012. After this Court denied his motions to sever, Acevedo pled guilty at a Rule 11 hearing in December, 2014, the day before he was scheduled to go to trial.

Notwithstanding Acevedo's objections at sentencing, the Court adopted the PSR's recommended offense level of 37 and criminal history category I, resulting in a guidelines imprisonment range of 210 to 262 months. This Court then sentenced Acevedo to 192 months imprisonment, two years supervised release and a $100 special assessment.

Acevedo appealed his below-guidelines sentence to the First Circuit Court of Appeals ("First Circuit") in March, 2015. He argued that this Court 1) failed to hold a hearing to resolve the factual disputes raised by his objections to the PSR at sentencing and 2) erred in calculating his offense level. He submitted that there was an undue disparity between his sentence and those of his co-conspirators. The First Circuit affirmed his sentence in June, 2016.

In August, 2016, Acevedo appealed the decision of the First Circuit to the United States Supreme Court. In October, 2016, the Supreme Court denied his petition for writ of certiorari.

Acevedo then filed this motion to vacate under 28 U.S.C. § 2255 in March, 2017.

## III. Legal Analysis

### A. Standard of Review

Section 2255 of Title 28 of the United States Code enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident". Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice" resulting from the

error. Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

Moreover, a petitioner who files a § 2255 petition "is not entitled to an evidentiary hearing as a matter of right". David, 134 F.3d at 477. There is a "fairly heavy burden" of proving that an evidentiary hearing is merited. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993). In order to satisfy this burden, a habeas petitioner generally must provide evidence admissible under the Federal Rules of Evidence. Garuti v. Roden, 733 F.3d 18, 25 (1st Cir. 2013). The Court may dismiss a petition without a hearing if it is contradicted by the record, inherently incredible or if the petitioner has failed to provide "specific and detailed supporting facts". United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984). Furthermore, an evidentiary hearing is not required

> where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing.

Ouelette v. United States, 862 F.2d 371, 377 (1st Cir. 1988).

Acevedo now seeks habeas relief with respect to 1) claims already brought on direct appeal and 2) ineffective assistance of counsel.

### B. Claims Already Brought on Direct Appeal

Acevedo now resuscitates his claims that 1) the Court failed to resolve factual disputes noted in the PSR, 2) the

offense calculation was in error as a result and 3) the offense calculation yielded an improper disparity between his sentence and the sentences of his co-conspirators.

A petitioner may not use § 2255 proceedings to re-litigate issues already heard and disposed of on direct appeal without some intervening change in law. Davis v. United States, 417 U.S. 333, 342 (1974); see also Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991) (finding that claims "resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal citations omitted).

Here, the First Circuit, on direct review, concluded that this Court did not err in sentencing petitioner with respect to the factual disputes or findings. Moreover, the First Circuit found that the offense calculations as proffered by the government and endorsed by this Court were properly reached. Finally, the First Circuit held that the disparity between the sentences was warranted.

Because Acevedo's instant claims are identical to those already raised and rejected by the First Circuit on direct appeal, Acevedo's motion will be denied.

C. Ineffective Assistance of Counsel

Acevedo contends that his counsel was ineffective in violation of Strickland v. Washington, 466 U.S. 668, 687 (1984).

He asserts that counsel failed to proceed to trial and request an evidentiary hearing to resolve disputed facts in the PSR.

In order to demonstrate a Strickland violation, a petitioner must show that 1) his counsel's performance was deficient and 2) he was prejudiced as a result of that deficient performance. Id. Counsel's performance is not reviewed under a subjective standard. Rather, petitioner must prove that his attorney's performance fell below "an objective standard of reasonableness". Id. at 688. This Court must be highly deferential, presuming a wide range of conduct to be reasonable professional assistance. Bell v. Cone, 535 U.S. 685, 698 (2002) (citing Strickland, 466 U.S. at 689); Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Reasonable professional assistance must be measured by "prevailing professional norms" and consideration of all relevant circumstances. Strickland, 466 U.S. at 688; Pina v. Maloney, 565 F.3d 48, 56 (1st Cir. 2009); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

Acevedo's Strickland claim alleges that his defense counsel was ineffective because she 1) induced him to plead guilty and 2) failed to request an evidentiary hearing during sentencing.

**1. Voluntariness of Plea**

Acevedo maintains that despite his repeated requests to go to trial, his defense counsel induced him to plead guilty because of her father's illness, the strength of the

government's case against him and her alleged statements about this Court's biases against Latinos.

The strength of the plea colloquy creates a substantial barrier for repudiation by petitioner because

> [s]olemn declarations in open court carry a strong presumption of verity.

Blackledge v. Allison, 431 U.S. 63, 74 (1977). To renounce the validity of a plea, a petitioner must provide more than "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible". Id.

Nevertheless, a guilty plea may be rendered involuntary if it is obtained through coercion. United States v. Martinez-Molina, 64 F.3d 719, 732 (1st Cir. 1995) (citing Brady v. United States, 397 U.S. 742, 750 (1970)). "Coercion" differs, however, from "candid legal advice". United States v. Dunfee, 821 F.3d 120, 131 (1st Cir. 2016). For example, an attorney's outcome projections made amidst "a flurry of incriminating evidence" do not constitute coercion. Id. (holding that a guilty plea was not coerced when defense counsel advised his client that conviction at trial would be "guaranteed").

Here, Acevedo participated in a plea colloquy whereby this Court inquired of him and determined his knowledge of the charges against him and the voluntariness of his plea. To

disregard those statements, given under oath, as voluntary, would be to ignore the principle of the oath itself.

Moreover, Acevedo's allegations of coercion from his counsel are conclusory and baseless. He provides this Court with no evidence of coercion save his own affidavit. His allegations are unsupported by specific facts and are insufficient to repudiate the presumption of a voluntary plea. In fact, the record indicates that defense counsel was fully prepared to advocate for petitioner zealously, filing 18 substantive motions on his behalf. Furthermore, by candidly advising him of the weight of the evidence of the government's case against him, she fulfilled her duty as counsel. Honestly apprising a client of the case the prosecution will present is both appropriate and reasonable under such circumstances, not evidence of coercion.

Thus, petitioner's claims of ineffective assistance of counsel as to his plea fail because he has not demonstrated that her conduct was deficient, his insinuations of coercion are unsubstantiated and the evidence suggests that defense counsel was prepared and willing to defend Acevedo at trial. Accordingly, his <u>Strickland</u> claim will be denied.

### 2. Failure to Request an Evidentiary Hearing

Acevedo alleges that his counsel provided ineffective assistance by failing to request an evidentiary hearing during

sentencing, despite the fact that defense counsel submitted written objections in the PSR and this Court heard defense counsel's arguments on those objections at sentencing.

In a case where a petitioner challenges the material facts in the PSR, the Court is obligated to resolve those disputes through an evidentiary hearing. United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003); United States v. Jimenez Martinez, 83 F.3d 488, 494-495 (1st Cir. 1996). If the challenges, however, are "merely rhetorical and unsupported by countervailing proof" and lacking any "evidence to rebut the factual assertions", the Court is entitled to rely on the facts set forth in the PSR. Cyr, 337 F.3d at 100; United States v. Grant, 114 F.3d 323, 328 (1st Cir. 1997) (citing United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990) (holding that the Court may adopt the facts as presented by probation in the PSR without further inquiry when defendant objects to them but offers no rebuttal evidence)).

The Court properly relied on the recitation of facts in the PSR because petitioner proffered no rebuttal evidence to support his objections thereto. Defense counsel addressed that issue during sentencing and quoted the holding in Cyr, which states that without rebuttal evidence, it "falls in [this Court's] bailwick" to determine how to proceed with the objections and disputed facts. She then appropriately yielded fact-finding authority to this Court in lieu of requesting an evidentiary

hearing. Her adherence to procedure as instructed by law can be considered reasonably effective assistance.

Even if petitioner could demonstrate that his counsel's performance was deficient or unreasonable, he fails to demonstrate that any prejudicial effect resulted from her conduct. Even if she had requested an evidentiary hearing, the Court would have properly denied that request given petitioner's failure to produce pertinent rebuttal evidence. Counsel's failure to request a hearing does not alter any likely outcome, immediate or otherwise. Accordingly, petitioner's <u>Strickland</u> claim fails on both prongs and, because petitioner cannot demonstrate any violation of Supreme Court precedent, this motion will be denied.

<u>**ORDER**</u>

For the foregoing reasons, Acevedo's motion to vacate under 28 U.S.C. § 2255 (Docket No. 655) is **DENIED** and his petition for writ of habeas corpus is **DISMISSED**.

**So ordered.**

                                                            _/s/ Nathaniel M. Gorton_
                                                            Nathaniel M. Gorton
                                                            United States District Judge

Dated July 9, 2019