United States District Court

District of Massachusetts

|                           |   |                       |
|---------------------------|---|-----------------------|
| United States of America, ) |   |                       |
| Plaintiff,                ) |   |                       |
| v.                        ) | Criminal Action No.   |
|                           ) | 12-cr-10120-NMG       |
| Edgar Acevedo,            ) |   |                       |
| Defendant.                ) |   |                       |

**MEMORANDUM & ORDER**

**GORTON, J.**

In July, 2019, this Court dismissed the habeas petition of Edgar Acevedo ("Acevedo"). In September, 2019, the First Circuit Court of Appeals directed this Court either to issue or deny to issue a certificate of appealability for his petition. For the following reasons, this Court will deny such a certificate.

I. <u>Background</u>

In December, 2014, Acevedo pled guilty to conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). This Court sentenced Acevedo, departing downward from the guidelines, to 192 months imprisonment, two years supervised release and a $100 special assessment. Acevedo appealed his sentence to the

First Circuit Court of Appeals, contending that this Court 1) failed to hold a hearing to resolve the factual disputes raised by his objections to the Pre-Sentence Report ("PSR") at sentencing and 2) erred in calculating his offense level. The First Circuit affirmed Acevedo's sentence in June, 2016. Acevedo appealed the decision of the First Circuit to the United States Supreme Court, which denied certiorari in October, 2016.

In March, 2017, Acevedo filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging his conviction. In his petition, Acevedo alleged that 1) this Court failed to resolve factual disputes in the PSR, 2) the offense calculation was in error as a result, 3) the offense calculation yielded an improper disparity between Acevedo's sentence and the sentences of his co-conspirators and 4) Acevedo's lawyer was ineffective because she coerced him into pleading guilty and failed to request an evidentiary hearing during sentencing.

In July, 2019, this Court entered an order denying Acevedo's § 2255 habeas petition. Acevedo filed a notice of appeal in September, 2019. On September 12, 2019, the First Circuit requested that this Court promptly issue or deny a certificate of appealability.

## II. **Certificate of Appealability**

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Reasonable jurists would not debate whether Acevedo's habeas petition should have been decided differently.

As a preliminary matter, each of the claims in Acevedo's § 2255 petition, except for his ineffective assistance of counsel claim, is identical to claims already raised and rejected by the First Circuit on direct appeal. Acevedo may not use § 2255 proceedings as a mechanism to re-litigate claims

heard and disposed of on appeal absent some intervening change in the law. See Davis v. United States, 417 U.S. 333, 342 (1974). Acevedo failed to identify any intervening change in the law that would allow him to relitigate his claims. Consequently, a reasonable jurist could not debate whether this Court properly denied Acevedo's petition with respect to the claims previously rejected by the First Circuit.

With respect to his claim of ineffective assistance of counsel, Acevedo alleges that 1) his lawyer coerced him into pleading guilty and 2) his lawyer failed to request an evidentiary hearing despite objecting to facts set forth in the PSR.

As to Acevedo's first allegation, Acevedo proffered no evidence that his plea was coerced save his own affidavit. Contrary to Acevedo's conclusory allegations, the record demonstrates that counsel was prepared to advocate zealously on Acevedo's behalf. Acevedo's baseless allegations of coercion are insufficient to overcome the "presumption of veracity" accorded to Acevedo's "solemn declarations in open court" during his plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As to Acevedo's second allegation, his lawyer appropriately yielded fact-finding to this Court in lieu of an evidentiary hearing as instructed by law. When challenges to the PSR are

"merely rhetorical and unsupported by countervailing proof" and lacking any "evidence to rebut the factual assertions," the Court is entitled to rely on the facts in the PSR. United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003). Furthermore, even if counsel had requested an evidentiary hearing on the PSR, this Court would have denied that request given Acevedo's failure to proffer any rebuttal evidence.

In short, a reasonable jurist could not debate whether Acevedo's lawyer provided constitutionally ineffective assistance by advocating for and candidly advising her client or by apprising the Court of and complying with the law.

### ORDER

For the foregoing reasons, with respect to the denial of Acevedo's habeas petition, a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 20, 2019