## United States District Court
## District of Massachusetts

|  |  |
|---|---|
| United States of America | ) |
|  | ) |
| v. | ) Criminal Action No. |
|  | ) 12-10120-NMG |
| Edgar Acevedo, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

### MEMORANDUM & ORDER

**GORTON, J.**

Pending before the Court is the motion of defendant Edgar Acevedo ("defendant" or "Acevedo") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I.   Background

In December, 2014, defendant pled guilty to a one-count superseding indictment charging him with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c).  In March, 2015, this Court sentenced him to 192 months (16 years) in prison and two years of supervised release.  Acevedo is currently incarcerated at FCI Fort Dix (New Jersey) and his projected release date is September 22, 2025.

Acevedo moves to modify his sentence to time served followed by a period of supervised release.  He contends that his incarceration puts him at high risk of contracting COVID-19, particularly in light of his asthma, heart murmur, kidney stones and obesity.  He also asserts that he tested positive for COVID-19 in October, 2020, which he claims has exacerbated several of his existing medical conditions and increases his risk of severe illness or death should he contract the virus a second time.  The government asserts that defendant's release is not warranted and urges this Court to deny his motion.

## II.  **Motion for Compassionate Release**

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

-2-

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Acevedo is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A).

As a preliminary matter, Acevedo already contracted COVID-19 in October, 2020, and has since recovered.  Although that does not necessarily resolve his request for compassionate release, the fact remains that cases of reinfection are reportedly rare. See Reinfection with COVID-19, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Jan. 22, 2021).

Even if Acevedo were to test positive for COVID-19 a second time, he has not shown that his medical conditions constitute "extraordinary and compelling" reasons for his release.  He reports that his obesity, asthma, heart murmurs and kidney stones make him more susceptible to COVID-19 complications but there is little evidence to suggest that any of those conditions would meaningfully impact the course of a future illness.

The CDC does not consider individuals suffering from either heart murmurs or kidney stones to be at any increased risk of

-3-

severe COVID-19 complications.  See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 22, 2021).  Asthma may increase his risk of serious illness from COVID-19 but only if he suffers from a moderate or severe form of such, id., and neither his medical records nor his presentence report establishes that he has ever been diagnosed with or treated for asthma.  Defendant's obesity is the only one of his medical conditions that definitively places him at an increased risk of severe illness from COVID-19. Id. Defendant has not, however, demonstrated that his obesity or any of his medical conditions substantially diminishes his capacity to care for himself or to participate in measures to protect against the transmission of COVID-19.

Furthermore, a reduction in Acevedo's sentence would be inconsistent with the § 3553(a) factors and the need to ensure the safety of the public.  Defendant admits he "played an integral role" in a kidnapping for ransom in which the victim was removed from his car at gunpoint and held for days, bound by duct tape, in a vacant home.  The Court commends Acevedo for the progress he has made toward his rehabilitation but the seriousness of that violent offense and the need for just

-4-

punishment and respect for the law weigh heavily against his release. § 3553(a)(2).

### ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 701) and his prior pro se motion for compassionate release (Docket No. 695) are **DENIED** without prejudice.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 25, 2021

-5-