United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 12-10120-NMG |
| Edgar Acevedo, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the second motion of defendant Edgar Acevedo ("defendant" or "Acevedo"), filed pro se, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

I.  **Background**

In December, 2014, defendant pled guilty to a one-count superseding indictment charging him with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). In March, 2015, this Court sentenced him to 192 months in prison and two years of supervised release. Acevedo is currently incarcerated at FCI Fort Dix in New Jersey, and his projected release date is September 22, 2025.

This Court denied Acevedo's first motion for compassionate release in January, 2021.  Pending before the Court is a second such motion, which seeks a reduction of Acevedo's sentence on substantially similar grounds as the first.  Acevedo contends that his various medical ailments place him at increased risk of harm from COVID-19 relative to the general prison population, despite having tested positive for the virus in October, 2020.  Furthermore, the defendant asserts that compassionate release is appropriate because he is needed to care for his elderly parents who reside in Puerto Rico.  The government responds that defendant's release is unwarranted and urges this Court to deny his motion.

II.  **Motion for Compassionate Release**

   **A. Legal Standard**

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has
> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

-2-

> of such a request by the warden of the defendant's
> facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Acevedo is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence. Nothing in Acevedo's pending motion substantially undermines the Court's prior determination on his initial motion for compassionate release.

The only new justification Acevedo offers is his expressed need to care for his elderly parents. Courts have consistently declined to find that "a desire to care for one's elderly parents" qualifies as an extraordinary and compelling reason for release under the applicable statute. United States v. Goldberg, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (citing United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019)). The Court declines to do so here.

Moreover, the only substantive difference between Acevedo's situation now and when he filed his initial motion actually

decreases the medical risks that allegedly justify his release. Since the filing of that first motion, Acevedo has had the opportunity to receive the COVID-19 vaccine. The FDA has conducted extensive testing of the available vaccines and has consistently found that they are highly effective in preventing the kind of infection and severe disease that Acevedo fears.

Although it is unclear from the record whether Acevedo has been vaccinated, availability of the vaccine impels denial of his motion, which is based upon the risks posed by the virus. Courts have routinely denied such motions when defendants have received the COVID-19 vaccine. See United States v. Herman, 2021 WL 3709832, at *2 (D. Mass. Aug. 20, 2021) ("[T]here is no question now that the vaccine has dramatically reduced [the defendant's] risk of contracting COVID-19 or experiencing a severe course of illness if he contracts the virus."); United States v. Clark, 2021 WL 277815, at *2 (S.D. W. Va. Jan 27, 2021) ("[A]n inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease."). So too have courts rejected motions predicated on COVID-19 by petitioners who have declined to be vaccinated without some medical reason. United States v. Medina, 542 F. Supp. 3d 79, 82 n.5 (D. Mass. 2021)

(and cases cited).  Acevedo has provided no such explanation even if he remains unvaccinated.

### ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 709) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 6, 2022